**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANDRA L. MORRISON, | : | |
| | : | Civil Action |
| Plaintiff, | : | 09-800 (RMB-KW) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| CARL DANBERG, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

SANDRA L. MORRISON, Plaintiff pro se
56 Welshtrack Road, Apt. 211
Newark, Delaware 19720

**Renée Marie Bumb, District Judge**

Plaintiff Sandra L. Morrison ("Plaintiff"), a former inmate at the Delores J. Baylor Women's Correctional Institution ("Baylor"), New Castle, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, alleging she could not participate in a court ordered drug treatment program by reason of her disability. At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a

defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed, with leave to amend.

## I.   BACKGROUND

Plaintiff was an inmate incarcerated at Baylor.  Her criminal sentence included participation in the Crest program[1] at Baylor. (D.I. 2.)  Plaintiff brings her ADA action against Commissioner of the Delaware Department of Correction ("DOC") Carl Danberg ("Danberg"), DOC Bureau Chief of Health Services Jim Welch ("Welch"), and Baylor/Crest Deputy Warden Evans ("Evans"). Plaintiff, who is disabled, alleges that she was unable to complete the program due to Baylor's non-compliance with the ADA. (D.I. 2.)

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

The Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions

---

[1]Civigenics administers a drug rehabilitation program for incarcerated addicts through a contract with the State of Delaware. Hamilton v. Civigenics, Civ. No. 03-826-GMS, 2005 WL 418023, at *1 n.2 (D. Del. Feb. 22, 2005).  The Crest program is the second part of a three-step drug treatment program.  Key is the first phase of the program and Aftercare is the third phase. Abraham v. State of Delaware Dep't of Corr., Civ. No. 07-593-SLR, 2007 WL 4292121, at *2, n.1 (D. Del. Dec. 4, 2007).

in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.

1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] Id. at 211.

_____

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949

In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.  DISCUSSION

Plaintiff was incarcerated at Baylor[3] while serving her criminal sentence of eleven months and seventy days Level IV Crest, suspended upon completion, for the balance at Level III Crest Aftercare.  (D.I. 3, ¶ 11.)  Plaintiff has multiple sclerosis and Mollaret's meningitis and states that she is one hundred percent handicapped.  (D.I. 2, ¶ 1.)  She alleges that the Crest program at Baylor is not handicap accessible or friendly.  She alleges Defendants were repeatedly warned to become ADA compliant and, that due to their non-compliance, she was unable to complete the Crest treatment program.  She seeks for punitive and compensatory damages.

---

(quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

[3]Plaintiff advised the Court on March 8, 2010, of her release from prison.  (D.I. 10.)

Plaintiff does not indicate under which Title of the ADA she proceeds. Title I of the ADA prohibits discrimination in employment; Title II prohibits discrimination by a "public entity;" and Title III prohibits discrimination in "public accommodations." 42 U.S.C. § 12117, § 12132, § 12182. Title II of the ADA appears to be the applicable provision as it applies to services, programs and activities provided within correctional institutions. See Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998).

Title II defines a "public entity" as "any state or local government, . . . any department, agency, special purpose district, or other instrumentality of a State or States or local government," and public railroads. 42 U.S.C.A. § 12131(1). On its face, the statutory definition of "public entity" does not extend to individual governmental employees. Most courts to address the issue have held that Title II does not authorize suits against government officers in their individual capacities.[4] See, e.g., Thomas v. Pennsylvania Dep't of Corr., Civ. No. 07-40J, 2008 WL 68628, at *4-5 (W.D. Pa. Jan. 4, 2008) (individual defendants are not liable for damages under Title II of the ADA); Doe v.

_____

[4]The U.S. Court of Appeals for the Third Circuit has not addressed the issue, but has held that there is no individual liability under Title III, and noted its result "comports with decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA, which prohibit discrimination by employers and public entities respectively." Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002) (citations omitted).

Division of Youth and Family Services, 148 F. Supp. 2d 462, 489
(D.N.J. 2001) (Title II does not reference individual liability");
Calloway v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d 543,
557 (D.N.J. 2000) (the weight of judicial authority supports the
conclusion that individual defendants cannot be held liable for
violations of Title II of the ADA); Garcia v. S.U.N.Y. Health
Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (Title
II of the ADA does not provide for individual capacity suits
against state officials"); Alsbrook v. City of Maumelle, 184 F.3d
999, 1005 n.8 (8th Cir. 1999) (the term "public entity," as
defined in § 12131(1) does not include individuals).

     Plaintiff filed this suit against individual Defendants
Danberg, Welch, and Evans.  She does not seek injunctive relief,
only monetary damages.  Hence, it appears that the individuals are
named as Defendants in their individual and not official
capacities.  See Brandon v. Holt, 469 U.S. 464, 471-72 (1985)
(where a suit is brought against a public officer in his official
capacity, the suit is treated as if the suit were brought against
the governmental entity of which he is an officer); Koslow v.
Commonwealth of Pennsylvania, 302 F.3d 161, 179 (3d Cir. 2002)
("federal ADA claims for prospective injunctive relief against
state officials are authorized by the Ex parte Young doctrine").
As discussed, Title II of the ADA does not provide for a cause of
action against government employees in their individual

capacities.   Accordingly, Plaintiff has failed to state cognizable claims against Defendants.

Inasmuch as the Complaint is deficiently pled, it will be dismissed.  However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants (or name alternative Defendants), she will be given an opportunity to amend her pleading.  See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff will be given leave to amend the Complaint.

An appropriate order accompanies this Opinion.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

Date: April 22, 2010